IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

B. JAMES BACA,

        Plaintiff,

vs.                                                                                       CIV 13-0342 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing filed February 4, 2014 (*Doc. 19*), and fully briefed on April 18, 2014 (*Doc. 21*).  Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Doc. 8*.  Having reviewed the parties' submissions and the relevant law, the Court finds that the ALJ erred in determining Plaintiff's Residual Functional Capacity ("RFC"). Therefore, Plaintiff's motion will be granted and the case remanded for further proceedings.

### I.    Background[1]

Plaintiff suffers from Posttraumatic Stress Disorder, anxiety, depression, gout, high blood pressure, and back pain.  AR 13.  Plaintiff applied for disability insurance benefits and supplemental security income alleging that he has been disabled since August 1, 2009.  AR 11.  He is insured for disability benefits through June 30, 2015.  *Id.*

---

[1] Documents 14-1 through 14-11 comprise the sealed Administrative Record ("AR").  When citing the record, the Court cites the AR's internal pagination, rather than the CM/ECF document number and page.

Plaintiff's applications were denied both at the initial and reconsideration levels, AR 56-58 & 61-85, and he then requested a hearing before an Administrative Law ("ALJ"). AR 69-70.  ALJ Judge Barry O'Melinn held that evidentiary hearing on July 11, 2012, the date on which Plaintiff turned 50 years old.  AR 16.  Plaintiff, a high school graduate, has past relevant work as a cashier, a security guard, and a musician.

The ALJ issued his decision on November 19, 2012.  Utilizing the five-step sequential evaluation process,[2] the ALJ found as follows:  at Step One, Plaintiff was not engaged in substantial gainful activity for the relevant time period; at Step Two, Plaintiff had severe impairments, including status post lumbar compression fracture, obesity, and gout, but that his mental impairments of PTSD, anxiety, and depression were non-severe; at Step Three, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments; and at Step Four, Plaintiff had an RFC to perform light work, including his past relevant work as a cashier and was not disabled within the meaning of the Social Security Act. AR 11-21.  Because he found that Plaintiff was not disabled at Step Four, the ALJ did not proceed to Step Five.  Plaintiff's request for review by the Appeals Council was denied,

---

[2] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510.  Step Two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. § 404.1520(C).  If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied.  At Step Three, the claimant's impairment is compared with certain impairments listed in 20 D.F.R. Pt. 404, Subpt. P, App. 1 ("Listings").  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that he does not retain the residual functional capacity to perform his past relevant work.  If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account his age, education, work experience, and RFC, can perform.  *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  20 C.F.R. § 404.1520.

leaving the ALJ's decision as the final decision of the Commissioner.  AR 1-3.

## II.    The Claims

Plaintiff contends that the ALJ erred at Step Four and argues two points on appeal:  1) the ALJ's RFC finding is not supported by the record because the ALJ improperly discredited evidence from consultative evaluations and failed to perform a function-by-function analysis; and 2) that as a result of the incorrect RFC, the ALJ erred in finding that Plaintiff can perform past relevant work.  Because the Court finds that remand is warranted based upon the ALJ's failure to perform a function-by-function analysis, it need not consider the additional assertions of error.

## III.    Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)) (brackets in original).

The Court's review is based on the record taken as a whole, and the Court will "meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking 'into account whatever in the record fairly detracts from its weight.'"  *Id.* (quoting *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th

Cir. 1994)).  This Court may not reweigh the evidence nor substitute its opinion for that

of the Commissioner.  *Id.* at 1214.

**IV.**   **Discussion**

Step Four of the sequential evaluation process is comprised of three phases.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

> In the first phase, the ALJ must evaluate a claimant's physical and mental
> [RFC], and in the second phase, he must determine the physical and
> mental demands of the claimant's past relevant work.  In the final phase,
> the ALJ determines whether the claimant has the ability to meet the job
> demands found in phase two despite the mental and/or physical limitations
> found in phase one.  At each of these phases, the ALJ must make specific
> findings.

*Id.* (citations omitted).

The Court agrees with Plaintiff that the ALJ's RFC determination was

"structurally flawed because it did not provide a function-by-function analysis."

*Doc. 19* at 14.  An "RFC determines a work capability that is exertionally

sufficient to allow performance of at least substantially all of the activities of work

at a particular level."  SSR 83-10, 1983 WL 31251 at *2.  It is a reflection of "the

maximum amount of each work-related activity the individual can perform," and

the ALJ must describe the "individual's ability to perform sustained work actives

in an ordinary work setting on a regular and continuing basis."  SSR 96-8p, 1996

WL 374184, *7.  The ALJ may not simply express an RFC in terms of the

exertional categories of "sedentary," "light," "medium" or "heavy" levels of work.

In order to insure accuracy, "[t]he RFC assessment must first identify the

individual's functional limitations or restrictions and assess his or her work-related

abilities on a function-by-function basis," including the "seven strength demands"

4

of sitting, standing, walking, lifting, carrying, pushing and pulling.  *Id.* at *1, 5;

(citing 20 C.F.R. § 404.1545; 10 C.F.R. § 416.945).  "Each of the seven strength

demands must be considered separately."  *Southard v. Barnhart*, 72 Fed. App'x

781, 784 (10th Cir. 2003) (citing SSR 96-8p at *3-4.  Separate consideration is

"especially important" in a case such as this, where the ALJ found that Plaintiff

can perform past relevant work.  SSR 96-8p at *5.

In this case, the ALJ simply failed to perform the specific function-by-function

assessment required by SSR 96-8p.  Instead, the ALJ found:

> After careful consideration of the entire record, I find that the claimant has
> the residual functional capacity to perform light work as defined in 20 CFR
> 404.1567(b) and 416.967(b) except that, he can occasionally climb ramps
> or stairs; can never climb ladders, ropes or scaffolds; can occasionally
> balance, stoop, kneel, crouch and crawl; and he should avoid moderate
> exposure to extreme cold and avoid concentrated exposure to heat,
> wetness, exposure to operational control of moving machinery,
> unprotected heights, and unprotected exposure to hazardous machinery.

"Light Work" requires "a good deal of walking or standing."  SSR 83-10, 1983 WL

31251.  Plaintiff complains that he is unable to walk or stand for long periods of time due

to pain from his impairments.  AR 37, 38, 180, 199, 201, 203, 219, 220, 221, 233, and

234.  Additionally, both consulting doctors noted impairment to Plaintiff's gait.[3]  While

the ALJ found Plaintiff's subjective reporting less than credible, he nevertheless failed to

discuss the maximum amount of time Plaintiff could perform each of the seven strength

demands prior to finding Plaintiff had an RFC to perform light work, which is error

requiring remand.

An RFC determination must be based on the entire record, including the

---

[3] Dr. Hesse noted that his "gait shows that he is dragging his left leg and walks with the left leg stiff."  AR
281.  And Dr. Emery noted that Plaintiff walks "slowly and awkwardly with his back arched and stomach
thrust forward in a rolling gait from side to side."  AR 297.

credibility of the plaintiff's subjective complaints. *Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009) (citing 20 C.F.R. §§ 416.929, 416.945). Accordingly, "the ALJ's credibility and RFC determinations are inherently intertwined." *Id.* at 1171. The Court notes that in his assessment of Plaintiff's RFC, the ALJ thoroughly discussed the record and found that Plaintiff was not credible.[4] It is tempting, under these circumstances, to follow the authority from our sister Ninth Circuit, which holds that under SSR-96-8p "a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). However, the weight of authority from the Tenth Circuit, albeit all in unpublished decisions, requires that an ALJ make a specific function-by-function analysis prior to articulating the RFC in terms of an exertional category. *See e.g., Lawton v. Barnhart*, 121 F. App'x 364, 374 (10th Cir. 2005); *Southard v. Barnhart,* 72 F. App'x 782*,* 784 (10th Cir. 2003); *Alexander v. Barnhart*, 74 F. App'x 23, 28 (10th Cir. 2003); and *Diggdon v. Apfel*, 189 F.3d 477 (10th Cir. 1999) (all unpublished).

---

[4]  Courts generally defer to the ALJ's credibility finding because "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168,1173 (2005). However, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (alteration and quotation marks omitted).

The ALJ found that Plaintiff's statements regarding the intensity and persistence of his pain were contradicted by his daily activities and work as a musician. AR 16. When performing as a musician, Plaintiff would stand for 4 to 8 hours a day holding a 20-25 pound accordion. AR 38, 208. In functional reports in November of 2010 and May of 2011, Plaintiff indicated that he was unable to work as a musician because of pain and the inability to stand for long periods of time (AR 19, 220, 221, 223, 236), and "yet he managed to earn over $9,000.00 in 2011 playing the accordion in VFW Halls." AR 16. Plaintiff was also vague in responding to questions about his earnings as a musician. AR 16; AR 33–34. Plaintiff's daily activities included caring for is personal hygiene, prepares simple meals, doing his own laundry, caring for his daughter, driving his daughter to and from school and shopping for himself. AR 19. Plaintiff's lack of candor, his daily activities, and the actual amount of work he performed as a musician, "completely undermine[d] [the ALJ's] confidence in his reporting." AR 17. Here, the ALJ's credibility findings were closely and affirmatively linked to substantial evidence.

**V.**     **Conclusion**

"Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case."  SSR 96-8p at *3.  By failing to perform a function-by-function assessment, the ALJ may have overlooked certain limitations or restrictions that would narrow the ranges and types of work Plaintiff may be able to do, or may have found that Plaintiff has limitations or restrictions that he does not actually have.  *Id.* at *4.  Consequently, remand is warranted on this basis.

Since the Court will remand based on the ALJ's failure to perform a proper RFC assessment, the Court need not address Plaintiff's remaining claims of error.  *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

Wherefore,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Remand (*Doc. 19*) is **granted.**  A final order of remand pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent